IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

MICHAEL TIPPINS, :
:
    Petitioner :
:
:
VS. : 7 : 07-CV-30 (HL)
:
CALVIN MORTON, Warden, :
:
:
    Respondent. :

**RECOMMENDATION**

Presently pending in this § 2254 action is the respondent's Motion to Dismiss the petition as untimely. The respondent contends that the petitioner filed this federal habeas petition after the running of the one-year statute of limitations imposed by the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"). This federal petition was filed on March 27, 2007.

Pursuant to the AEDPA, which became effective on April 24, 1996, and is codified at 28 U.S.C. § 2241 et seq, a one-year statute of limitations applies to federal habeas petitions, running from the latest of several events. Section 2241(d)(1)(A) requires a prisoner to file a habeas petition within one year of "the date on which the [state court] judgment [of conviction] became final by the conclusion of direct review or the expiration of the time for seeking such review". The Act further provides that "[t]he time during which a properly filed application for state post-conviction or other collateral review . . . is pending shall not be counted toward any period of limitation under this subsection." § 2244 (d)(2).

The petitioner was convicted in Cook County in March 2000 for seven (7) counts of child molestation and one count each of incest, statutory rape, and aggravated child molestation. His

convictions and sentences were affirmed by the Georgia Court of Appeals on February 26, 2001. Petitioner filed a state habeas petition in Charlton County on July 31, 2003, which was denied by final order dated March 8, 2005. The Georgia Supreme Court dismissed the petitioner's application for certificate of probable cause to appeal the denial of state habeas relief as untimely filed on March 28, 2006. Petitioner filed a motion for relief from judgment in Charlton County on August 2, 2006, which was denied by the state habeas court on November 2, 2006.

A review of the record herein reveals that the filing of this federal habeas petition was clearly untimely, and that the tolling provision of § 2244(d)(2) does not protect the petitioner. The petitioner's conviction became final on March 8, 2001, the date on which the time for filing further appellate review expired. As the respondent points out, the petitioner had ten (10) days from the date of the appellate decision affirming his convictions in which to either move for reconsideration or file a notice of intent to apply for certiorari to the Georgia Supreme Court, and the petitioner did neither. Pursuant to 28 U.S.C. § 2244(d), the petitioner had one year, or 365 days, from March 8, 2001, in which to file this federal petition, and/or toll the limitations period by filing a state habeas petition. The petitioner's state habeas petition was not filed until July 31, 2003, more than one year after the one-year period of limitations had expired, and therefore did not serve to toll the limitations period.

In his response to the respondent's Motion to Dismiss, the petitioner asserts that beginning in July 2001 and extending to the filing of his state habeas petition, he was attempting to obtain assistance from the Center for Prisoner Legal Assistance and obtain certain copies of lower court decisions that had been misplaced or lost, specifically the opinion issued by the Georgia Court of Appeals. However, the petitioner states that he eventually obtained another copy of this opinion through his relatives, but does not indicate exactly when he obtained this copy nor does he explain

why he was unable to obtain it at an earlier date. The petitioner thus has not established the basis for equitable tolling. "Equitable tolling is appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." *Sandvik v. U.S.*, 177 F.3d 1269, 1271 (11th Cir. 1999). The petitioner has failed to demonstrate that either of these prerequisites has been satisfied.

Based on the petitioner's untimely filing of this federal petition, it is the recommendation of the undersigned that the respondent's Motion to Dismiss be **GRANTED** and that this matter be dismissed with prejudice. Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable Hugh Lawson, Chief United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

**SO RECOMMENDED**, this 18th day of December, 2007.

/s/ ***Richard L. Hodge***
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE